IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL W. WAGNER PLAINTIFF

v. Case No. 6:26-cv-06039

KITCHEN SUPERVISOR
JARROD SIMMONS DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed on June 16, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 9. Plaintiff Michael W. Wagner ("Plaintiff") filed an objection. ECF No. 10. The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983. He alleges that on November 16, 2025, in the Ouachita River Unit Kitchen there was "[n]o wet floor sign" and that he "was not given proper foot [wear]." ECF No. 1, at 4. Plaintiff asserts conditions-of-confinement and negligence claims against Defendant Jerrod Simmons in his individual and official capacity. For his official capacity claim, Plaintiff alleges a widespread practice of "not put[ting] wet floor signs out when needed." *Id.* at 5. Plaintiff seeks compensatory damages and for the Court to enforce the Ouachita Unit rules. *Id.* at 9. Plaintiff does not allege that he fell on the wet floor or that he sustained an injury from slipping on the wet floor.

On July 10, 2026, Judge Ford conducted a preservice screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and issued the instant Report and Recommendation. ECF No. 9. Judge Ford finds that Plaintiff failed to state a plausible conditions-of-confinement claim because

he did not allege he suffered an actual physical injury and because a "slip-and-fall," without more, does not amount to a constitutional violation. Judge Ford recommends that the Court dismiss Plaintiff's case for failure to state a claim, direct the Clerk to place a 28 U.S.C. § 1915(g) strike flag on this case, and certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal will not be taken in good faith.

On July 10, 2026, Plaintiff filed his objections. ECF No. 10. Plaintiff argues that he did state an injury on pages 5 and 7 of the original complaint. Plaintiff states that he was transported to a local hospital after the slip and fall and now suffers from permanent back and nerve injuries. He also alleges that Defendant Simmons was demonstratively and purposefully acting with disregard for his health and welfare and that the Arkansas Department of Corrections is "extremely lax" in using wet floor signs and issuing anti-slip footwear. ECF No. 10.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(B). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally,

"objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). "When conducting a *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted). Although Plaintiff's objections are not timely,[1] the Court finds that they are specific and will conduct a *de novo* review of this case.

Upon *de novo* review, the Court finds that Plaintiff's complaint should be dismissed. Despite his objections stating otherwise, Plaintiff does not allege an injury in his original complaint. Even if he had, he still fails to state a constitutional violation. As to Plaintiff's claim of negligence, it is well settled that negligence does not "amount to a violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhumane conditions of confinement." *Walker v. Reed*, 104 F.3d 156, 158 (8th Cir. 1997). This is true even if Plaintiff was injured. *Id.* at 157-58 (upholding the dismissal of an § 1983 complaint where an inmate alleges that he "slipped and fell" on a wet floor and injured his arm and shoulder).

As to Plaintiff's conditions-of-confinement claim, courts have consistently held that the failure to post wet floor signs does not raise a conditions-of-confinement claim. *See Walker v. Martin*, No. 1:25-cv-01026-SOH-BAB, 2025 WL 1490847, at *2 (W.D. Ark. May 7, 2025), *report and recommendation adopted*, 2025 WL 1490375 (W.D. Ark. May 23, 2025); *see also Curry v. Fed. Bureau of Prisons*, No. 05-CV-2781 (PJS/JSM), 2007 WL 2580558, at *7-8 (D. Minn. Sept. 5, 2007) (collecting cases). "[O]nly those deprivations denying 'the minimal civilized measure of

[1] Plaintiff's objections were mailed two days, and filed four days, after his deadline to object.

life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudgson v. McMillian*, 503 U.S. 1, 9 (1992). The Court finds that Plaintiff was not denied "the minimal civilized measure of life's necessities" when Defendant Simmons allegedly failed to post a wet floor sign or provide slip-proof footwear. *See id.* Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.

## III. CONCLUSION

Upon *de novo* review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 9) *in toto*. Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

The Clerk of Court is **DIRECTED** to place a § 1915(g) strike flag on this case for future judicial consideration. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED**, this 20th day of October, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge